**HUGHES SOCOL PIERS RESNICK DYM, LTD.**

70 West Madison Street
Suite 4000
Chicago, Illinois 60602
T. 312.580.0100
F. 312.580.1994
hsplegal.com

MICHAEL A. HIERL
*Tel* 312-604-2678
*Fax* 312-604-2679
mhierl@hsplegal.com

April 8, 2016

**VIA FIRST CLASS MAIL**
**Michael Affrunti**
**1528 Chippewa Trail**
**Wheeling, IL 60090**

RE:  **COPYRIGHT INFRINGEMENT OF PAY THE GHOST - Settlement Purposes Only-Not Admissible Under FRE 408**

U.S. District Court for the Northern District of Illinois
Civil Action No. 16-cv-1621
Plaintiff: PTG Nevada, LLC
Your IP Address: 67.176.170.180
ISP Providing Information: Comcast
Date of Alleged Infringement: September 18, 2015

Dear Mr. Affrunti:

Our law firm has filed a Federal copyright infringement lawsuit in the U.S. District Court for the Northern District of Illinois on behalf of our client, PTG Nevada, LLC. The suit was filed against 24 Doe Defendants. We subsequently obtained identifying contact information for many of these Defendants from their Internet Service Providers (ISPs). A copy of the Complaint is enclosed. Your contact information was supplied to us by your ISP as one of the Defendants who has illegally obtained or shared our client's copyrighted motion picture through a peer-to-peer network *[Gnutilla, BitTorrent, etc.]*. We are sending you this letter as a courtesy before we are required to take additional legal action which would involve adding you as a named Defendant to the lawsuit.

According to our records, you have placed a media file which contains the copyright-protected film content for our client's motion picture entitled Pay the Ghost in a shared folder location on your computer. This enables others to download copies of this content. In addition, we have evidence of the P2P client software that you used to obtain or share the film, and evidence of your file hash factor (a mathematical function through which a file can be identified with certainty) which was 0495EF034B5B1374A2DEA4513372A5A18F022848. We also have obtained the file name of the movie, the file size and the GUID, all corresponding to an IP address that was assigned to your ISP account at the time the infringing activity occurred.

Copyright infringement (in this case, obtaining a film without paying for it or sharing a film with others who have not paid for it) is a very serious problem for the entertainment industry. The law provides protection for copyright owners through the Federal copyright statute found at 17 U.S.C. §§ 501-506, which allows the copyright owner to impound your material, recover their attorneys' fees, and seek damages of $750 - $150,000 per work, depending on the circumstances surrounding the infringement. While it is too late to undo the illegal file sharing you have already done, we have prepared an offer to enable our client to recoup the damages incurred by your actions, and defray the costs of preventing this type of activity in the future.

In exchange for a **comprehensive release** of all legal claims which will enable you to avoid becoming a named Defendant in the lawsuit, our firm is authorized to accept the sum of **$3,900** as full settlement for its claims. **This offer will expire on April 22, 2016.** Thereafter, our client will accept no less than the sum of **$4,900** to settle this matter, but this increased settlement offer will expire on May 6, 2016. In addition, you must remove the file from the shared folder or location where our client's film can be shared or copied within three (3) days of paying a settlement. If you decide not to settle by May 6, 2016, we may add you to the list of Defendants to be served with a copy of the complaint in this lawsuit.

Thirty years of excellence.



In short, you can avoid being named as a Defendant in the lawsuit if you act now. You can pay the settlement amount by cashier's check, money order or by credit card. Please contact us to arrange payment and so we can forward a Release and Settlement Agreement. Once we have processed the settlement, we will confirm that your payment has been processed and that you have been dismissed from the lawsuit.

We look forward to resolving this matter without further legal action. However, if you do not comply with the above requests, we may be forced to name you as a Defendant in the lawsuit and proceed directly against you on behalf of our client. If forced to do so, our client will be seeking to recover the maximum amount of fees provided under the Copyright Act for copyright infringement, which is up to $30,000 per illegally downloaded film, plus attorneys' fees and the costs of litigation. Because torrent file-sharing requires *deliberate* action by the uploader or downloader of a movie, we may be able to prove that your actions were intentional, rather than just negligent. In the event we are able to prove that the infringement was intentional, our client will be seeking the maximum statutory damages allowed by the Copyright Act in the amount of $150,000 per infringement, attorneys' fees and costs.

We believe that in light of the verdicts awarded in recent cases, our client's $3,900 settlement offer is extremely reasonable. For example, in the case of Sony BMG Music Entertainment v. Tenenbaum (D. Mass.) [1:07-cv-11446], a $675,000 jury verdict against a Boston University graduate student for illegally downloading and sharing 30 songs has been upheld. This means that the jury awarded $22,500 per illegally-shared song. We believe that by providing you with an opportunity to settle our client's claim for $3,900 instead of you incurring thousands of dollars in attorneys' fees and being at risk for a high jury verdict, our client is acting reasonably and in good faith.

You have been on notice of our client's claim since you received the notice from your ISP that we subpoenaed your information. **Please consider this letter to constitute formal notice that unless and until we are able to settle our client's claim with you, we demand that you not delete any media files from your computer.** If forced to proceed against you in the lawsuit, we will most certainly have a computer forensic expert inspect your computer in an effort to locate the subject movie file, or to determine if you have deleted any media files since receipt of the notice of the subpoena from your ISP. If in the course of litigation the forensic computer evidence suggests that you did delete media files following receipt of the letter from your ISP, our client will amend its complaint to add a spoliation of evidence claim against you. Be advised that if we were to prevail on this additional claim, the court could award monetary sanctions, evidentiary sanctions and reasonable attorneys' fees. If you are unfamiliar with the nature of this claim in this context, please consult an attorney and review the following cases: Paramount Pictures Corp. v. Davis, 234 F.R.D. 102, 77 U.S.P.Q.2d 1933 (E.D. Pa. 2005); U.S.C.A. Arista Records, L.L.C. v. Tschirhart, 241 F.R.D. 462 (W.D. Tex. 2006); and U.S. ex rel. Koch v. Koch Industries, Inc., 197 F.R.D. 488 (N.D. Okla. 1999).

**We strongly encourage you to consult with an attorney to review your rights and risk exposure in connection with this matter.**

We thank you in advance for your anticipated cooperation in this matter, and we look forward to resolving our client's claim against you on an amicable basis, through settlement.

Sincerely,

Michael A. Hierl

MAH:cb
Encl.



**HUGHES SOCOL PIERS RESNICK DYM, LTD.**

70 West Madison Street
Suite 4000
Chicago, Illinois 60602
T. 312.580.0100
F. 312.580.1994
hsplegal.com

MICHAEL A. HIERL
*Tel* 312-604-2678
*Fax* 312-604-2679
mhierl@hsplegal.com

***SECOND ATTEMPT***

June 16, 2016

**VIA FIRST CLASS MAIL**
**Michael Affrunti**
**1528 Chippewa Trail**
**Wheeling, IL 60090**

RE: **COPYRIGHT INFRINGEMENT OF PAY THE GHOST - Settlement Purposes Only - Not Admissible Under FRE 408**
U.S. District Court for the Northern District of Illinois
Civil Action No. 16-cv-1621
Plaintiff: PTG Nevada, LLC
Your IP Address: 67.176.170.180
ISP Providing Information: Comcast
Date of Alleged Infringement: September 18, 2015

Dear Mr. Affrunti:

We are enclosing a copy of the letter that we recently sent to you. We did not receive a response by the stated deadline. This is our **FINAL ATTEMPT** to resolve this matter on an amicable basis.

As you may recall, we gave you an opportunity to obtain a comprehensive release of all legal claims. A release will enable you to avoid becoming a named Defendant in the lawsuit. In our previous letter, we informed you of our client's offer for full settlement of its claims. That offer has expired. However, we have been authorized to give you an additional opportunity to resolve this matter without having to go to court. But our client needs to hear from you within the next **TEN DAYS**.

Thereafter, if our client chooses to settle, it will likely require an increased amount which will continue to increase as litigation expenses accrue. If you decide not to settle within the next ten days, we may add you to the list of defendants to be served with a lawsuit.

**We strongly encourage you to consult with an attorney to review your rights and risk exposure in connection with this matter.**

If you have further questions, you may contact **Luis Figueroa** at **312-604-2790**. We thank you in advance for your anticipated cooperation in this matter, and we look forward to resolving our client's claim against you in an amicable manner, through settlement.

Sincerely,

Michael A. Hierl

MAH:cb
Encl.

Legal Correspondence-Settlement Purposes Only-Not Admissible Under FRE 408

Thirty years of excellence.