**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PTG NEVADA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 16-cv-1621 |
| | ) | |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| WAI CHAN, JOHN PURFER, RANDY | ) | |
| PAXTON, STEPHANI FEDOROVICH and | ) | |
| MICHAEL AFFRUNTI, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AND DAMAGES AGAINST
DEFENDANTS WAI CHAN AND STEPHANI FEDOROVICH**

Plaintiff PTG Nevada, LLC, pursuant to Federal Rule of Civil Procedure 55 and this Court's November 16, 2016 Order entering a default against Defendants Wai Chan and Stephani Fedorovich (hereinafter "Defendants") hereby respectfully requests that the Court award Plaintiff $8,000 in statutory damages from each Defendant and grant injunctive relief against them. (Plaintiff is not requesting an award of attorneys' fees or costs against either Defendant.) In support of this request, Plaintiff states as follows:

**I. BACKGROUND**

Plaintiff is a developer and producer of mainstream motion pictures and holds the exclusive rights for the copyrighted motion picture *Pay the Ghost* (the "Movie"). Plaintiff filed this action after discovering that Defendants had downloaded the Movie illegally using the BitTorrent protocol. A Complaint was filed in this matter on January 29, 2016, and a First Amended Complaint was filed on August 23, 2016. *See* Docket Nos. 1 and 25. In addition, a summons was issued upon Defendants on August 23, 2016. *See* Docket Nos. 30 and 32. Defendant Wai Chan was served with a copy of the summons and First Amended Complaint on

August 29, 2016.  Docket No. 30.  Defendant Chan's Answer to the First Amended Complaint was due on September 19, 2016.  Defendant Stephani Fedorovich was served with a copy of the summons and First Amended Complaint on September 3, 2016.  Docket No. 32.  Defendant Fedorovich's Answer to the First Amended Complaint was due on September 26, 2016. Since that time, both Defendants have failed to appear, plead, or otherwise defend within the time allowed.  On November 16, 2016, the Court entered a default against Defendants Wai Chan and Stephani Fedorovich.  *See* Docket No. 61.

## II.   DEFENDANTS HAVE DEFAULTED, AND PLAINTIFF SHOULD BE AWARDED DAMAGES.

By defaulting, Defendants have admitted the truth of the allegations of the Complaint. *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Malibu Media, LLC v. Julien*, 2013 WL 6178926 (S.D. Ind., Nov. 25, 2013), attached hereto as Exhibit 1.

### A.  Plaintiff Should Be Awarded Statutory Damages.

Plaintiff respectfully requests that the Court award it statutory damages against each Defendant as provided by 17 U.S.C. § 504.  The Copyright Act provides that "an infringer of copyright is liable for . . . (2) statutory damages, as provided by subsection (c)."  17. U.S.C. § 504(a)(2).  For unintentional infringement, 17 U.S.C. § 504(c) provides that "the copyright owner may . . . recover . . . an award of statutory damages for all infringements involved in the action, with respect to any one work . . . a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

The infringement in this case, however, cannot be construed as unintentional.  Here, Plaintiff pled that Defendants' infringement was committed willfully.  *See* Docket No. 25, Amended Complaint, ¶¶ 19-21.  Thus, pursuant to 17 U.S.C. § 504(c)(2) the Court, upon a

finding of willful infringement, may "increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Therefore, in this case, it may be appropriate to award statutory damages of $150,000. Significantly, legislative history demonstrates that Congress, recognizing the likelihood of widespread infringement throughout the Internet, specifically amended the Copyright Act through the Digital Theft Deterrence Act of 1999 to increase the penalties for copyright infringement:

> Many computer users are either ignorant that copyright laws apply to Internet activity, or they simply believe that they will not be caught or prosecuted for their conduct. Also, many infringers do not consider the current copyright infringement penalties a real threat and continue infringing, even after a copyright owner puts them on notice that their actions constitute infringement and that they should stop the activity or face legal action. In light of this disturbing trend, it is manifest that Congress respond appropriately with updated penalties to dissuade such conduct. H.R. 1761 increases copyright penalties to have a significant deterrent effect on copyright infringement.

H.R. Rep. No. 106-216, at 3 (1999).

Here, Plaintiff seeks an award of statutory damages.[1] Plaintiff could seek the full statutory limit of $150,000 in damages, but Plaintiff only seeks $8,000 in statutory damages from each Defendant, which is less than what other courts have awarded for similar circumstances of illegally downloading movies. *See Malibu Media*, 2013 WL 6178926, at *1 (court awarded $51,750 in statutory damages where, by virtue of entry of default, it had been established that Defendant had willfully infringed Plaintiff's copyright); *Flava Works, Inc. v. Fisher*, 12-CV-1888, Docket Number 20, (N.D. Ill., Oct. 30, 2012) (Lee, J.) (on default, court awarded $1,500,000 in statutory damages in addition to attorney's fees and costs) (attached as Exhibit 4) and *The Bicycle Peddler, LLC v. Kovatchev*, 13-cv-7012, Docket No. 35 (N.D. Ill., December 9,

---

[1] Plaintiff need not prove actual damages to be entitled to an award of statutory damages, and may make an election of statutory damages "regardless of the adequacy of the evidence offered as to [its] actual damages and the amount of [D]efendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001), cert. denied, 534 U.S. 1127, 112 S. Ct. 1063 (2002), attached hereto as Exhibit 2. No evidentiary hearing is necessary when the statutory damages sought are within the range requested in the Complaint. *See, e.g., Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (D. P.R. 2002) (no hearing necessary for determination of award of statutory damages), attached hereto as Exhibit 3.

2014) (Darrah, J.) (on default, court awarded $10,000 in statutory damages, $9,116.00 in attorneys' fees and $755.78 in costs) (attached as Exhibit 5).

In this case, the Court should award statutory damages of $8,000 to Plaintiff from each Defendant. The amount is reasonable and appropriate based on Defendants' willful infringement and the legislative intent behind the Digital Theft Deterrence Act of 1999.

### B. Plaintiff Should Be Awarded Injunctive Relief.

The Court is authorized to grant permanent injunctive relief to prevent or restrain copyright infringement. *See* 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or refrain infringement of a copyright."). The Copyright Act further provides that "the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights . . . [.]" 17 U.S.C. §503(b).

Given this statutory framework, courts routinely issue injunctive relief as part of a default judgment where, as here, an online media distribution system was used to download and distribute copyrighted works without permission. *See, e.g., Warner Bros. Records, Inc. v. Novak,* 2007 WL 1381748, at *2-3 (D. N.J. 2007) (ordering a permanent injunction enjoining defendants from infringing on plaintiffs' copyrighted recordings), attached hereto as Exhibit 6.

Similarly here, Plaintiff has demonstrated that a permanent injunction is appropriate, as it will cause no harm to Defendants and will prevent further infringement of Plaintiff's copyrights. Therefore, Plaintiff respectfully requests that the Court grant Plaintiff injunctive relief in addition to statutory damages.

4

## III.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests an award of statutory damages and injunctive relief.  Proposed Orders granting the relief that Plaintiff seeks have been attached hereto as Exhibit 7.

WHEREFORE, Plaintiff PTG Nevada, LLC, respectfully requests that this Honorable Court award damages in favor of Plaintiff and against Defendants Wai Chan and Stephani Fedorovich as follows:

(A)     Award Plaintiff statutory damages in the amount of $8,000 against each Defendant pursuant to 17 U.S.C. § 504(c)(1);

(B)     Permanently enjoin both Defendants from directly infringing Plaintiff's rights in Plaintiff's copyrighted Movie, including, without limitation, by using the Internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Movie, or to make the Movie available for distribution to the public, except pursuant to a lawful license or with the express authorization of Plaintiff;

(C)     Order that both Defendants destroy all copies of Plaintiff's Movie that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization, and destroy all copies of the Movie transferred onto any physical medium or device in Defendant's possession, custody or control; and

(D)     Grant Plaintiff any other and further relief this Court deems just and proper.

Dated: January 11, 2017                    Respectfully submitted,

PTG NEVADA, LLC

By:    s/ Michael A. Hierl                        _
        Michael A. Hierl (Bar No. 3128021)
        Mark A. Cisek (Bar No. 62426683)
        Hughes Socol Piers Resnick & Dym, Ltd.
        70 W. Madison Street, Suite 4000
        Chicago, Illinois 60602
        (312) 580-0100 Telephone
        (312) 580-1994 Facsimile
        Attorneys for Plaintiff
        PTG Nevada, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Memorandum in Support of Plaintiff's Motion for Default Judgment and Damages Against Defendants Wai Chan and Stephani Fedorovich was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on January 11, 2017, and by U.S. Mail and FedEx delivery on January 11, 2017 upon:

Stephani Fedorovich
1304 Carlson Drive
Streamwood, IL 60107

and

Wai Chan
7825 Churchill Street
Morton Grove, IL 60053

s/Michael A. Hierl