UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PTG NEVADA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16 C 1621 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| WAI CHAN, STEPHANI FEDOROVICH, | ) | |
| and MICHAEL AFFRUNTI, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendant Michael Affrunti's motion to dismiss [27]. The Court grants PTG Nevada, LLC's motion to strike [36]. The Court strikes Exhibits A and B of Affrunti's motion to dismiss, Doc. 27 at 14–16 and Doc. 27-1. The Court denies Affrunti's motion for judicial notice of adjudicative facts [53, 54]. The Court dismisses PTG Nevada, LLC's amended complaint without prejudice. Because the Court dismisses the amended complaint without prejudice, the Court also denies PTG Nevada, LLC's motion for entry of default against Defendants Wai Chan and Stephani Fedorovich [71]. See statement.

## STATEMENT

Plaintiff PTG Nevada, LLC ("PTG") filed this copyright infringement suit alleging that Defendants Wai Chan, Stephani Fedorovich, and Michael Affrunti unlawfully downloaded and distributed PTG's copyrighted motion picture, *Pay the Ghost*, using BitTorrent software.[1] Initially, PTG filed its complaint against a number of Doe defendants identified only by Internet Protocol ("IP") addresses. The Court granted PTG leave for early discovery and to serve a subpoena on Comcast. Comcast identified Chan, Fedorovich, and Affrunti as the subscribers to whom the identified IP addresses belonged. PTG then filed an amended complaint alleging that, "[o]n information and belief," each of the Defendants "was observed infringing [PTG's] motion picture using" the IP address connected to their internet subscription. *See* Doc. 25 ¶¶ 12, 15, 16; *see also id.* ¶ 19 ("Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and the time at which the infringing activity of each Defendant was observed."). Affrunti now moves to dismiss PTG's complaint, arguing among other things that PTG has not adequately tied him to the infringing conduct because numerous individuals could have had access to the same IP address used to download or distribute the movie.

---

[1] PTG also named two additional Defendants in its amended complaint but subsequently voluntarily dismissed them.

Before addressing the merits of Affrunti's motion to dismiss, however, the Court must address the other motions connected to that filing. First, Affrunti attached two exhibits to his motion: (1) printouts of counsel's search for the location of the IP address traced to Affrunti, Doc. 27 at 14–15; and (2) letters sent by PTG's counsel to Affrunti prior to filing the amended complaint offering to settle the matter, Doc. 27-1. PTG moves to strike these exhibits, arguing that the Court may not consider matters outside the pleadings on a motion to dismiss and that, additionally, Federal Rule of Evidence 408 bars consideration of the settlement letters. A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). But where a document is referenced in the complaint and central to the plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Id.* Here, however, the exhibits do not fall within that exception; thus, the Court agrees with PTG and will not consider them. Next, in connection with his reply, Affrunti filed a motion asking the Court to take judicial notice of certain facts, later filing a declaration from a professor, Reza Rejaie, in support. Federal Rule of Evidence 201(b) allows a court to take judicial notice of a fact that "is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Here, the facts of which Affrunti asks the Court to take judicial notice—which do not directly correlate with those presented in the Rejaie declaration—are not "generally known within" this Court's jurisdiction nor can the Court conclude that their accuracy "cannot be reasonably questioned," particularly as PTG submitted a declaration contradicting some of the facts. Thus, the Court denies Affrunti's motion to take judicial notice of the facts included in his motion and in Rejaie's declaration.

Moving to the merits of Affrunti's motion, the Court need only address his argument that PTG has not plausibly alleged that he is liable for the alleged copyright infringement. PTG alleges "on information and belief" that Affrunti "was observed infringing [PTG's] motion picture using" the IP address assigned to his Comcast account. Doc. 25 ¶ 16. The only connection between the alleged downloading and distribution of the copyrighted material and Affrunti is the fact that Affrunti is the subscriber of the IP address. Courts across the country are split as to whether PTG's allegations sufficiently tie a defendant to the infringing conduct. *Compare Countryman Nevada, LLC v. Pitts*, No. 6:14-cv-493-Orl-40GJK, 2014 WL 7178077, at *2 (M.D. Fla. Dec. 16, 2014) (collecting cases finding that identification of defendant solely by IP address is sufficient at pleading stage to state direct infringement claim), *with Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) (dismissing direct infringement claim where plaintiff did not "provide specific facts tying the named defendant to the infringing conduct" and instead merely alleged that the defendant's IP address "was observed infringing Plaintiff's motion picture"). This Court agrees with those courts that have found that the plaintiff needs to allege more than just the registration of an IP address to an individual in order to proceed against that individual for copyright infringement. *See AF Holdings LLC v. Rogers*, No. 12cv1519 BTM(BLM), 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013) ("[J]ust because an IP address is registered to an individual does not mean that he or she is guilty of infringement when that IP address is used to commit infringing activity."). "While it is *possible* that the subscriber is also the person who downloaded the movie, it is also possible that a family member, a resident of the household, or an unknown person engaged in the infringing conduct." *Cobbler Nevada, LLC v. Gonzales*, No. 3:15-cv-866-SB, 2016 WL 3392368 (D. Or.

June 8, 2016) (dismissing claim where plaintiff did not allege specific facts tying defendant to infringing conduct). "Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement." *AF Holdings LLC*, 2013 WL 358292, at *3. Thus, the Court dismisses PTG's complaint without prejudice, allowing PTG the opportunity to amend to provide additional details tying Affrunti to the alleged infringement. Although Chan and Fedorovich have not appeared in the action, prompting PTG to file a motion for default against them, because the basis for dismissal applies equally to them, the Court denies the motion for default and dismisses the complaint against them as well. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (court may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion); *Roberts v. Cendant Mortg. Corp.*, No. 1:11-CV-01438-JMS, 2013 WL 2467996, at *5 (S.D. Ind. June 7, 2013) (although three defendants had not entered appearances and it was not clear if they had been served, court could impute arguments made by other defendant to all of them and dismiss claims against all defendants).


Date:  January 17, 2017                                                    /s/Sara L. Ellis_____